Hollis Wayne BRYANT

v.

Ray BLANTON, Governor of the State of Tennessee, William Leech, Attorney General of the State of Tennessee, Michael W. Whitaker, District Attorney General, Thomas Ray Morris, Judge of the General Sessions Court of Hardeman County, Hardeman County Ambulance Service, Mike Inlow, Director, Hardeman County Ambulance Service.

No. 78–1052.

United States District Court,
W. D. Tennessee, E. D.

Jan. 11, 1979.

Thomas M. Daniel, Ratner, Sugarmon, Lucas & Henderson, Memphis, Tenn., for plaintiff.

Linda R. Butts, Asst. Atty. Gen., Nashville, Tenn., for Blanton, Leech, Whitaker, and Morris.

Charles M. Cary, Denton & Cary, Bolivar, Tenn., for Hardeman County Ambulance Serv. and Mike Inlow.

## MEMORANDUM AND ORDER

McRAE, District Judge.

This action was brought pursuant to 42 U.S.C. § 1983 and § 1343(3) seeking declaratory and injunctive relief against several state and local defendants based upon the alleged unconstitutionality of T.C.A. § 53–5110(f)(1) (1977) which provides criminal sanctions for failure to pay for ambulance services. A previous claim for compensatory and punitive damages against county defendants for alleged violation of constitutional rights has been disposed of by consent Order of Dismissal with Prejudice as to those defendants.

Presently before the Court is plaintiff's Motion for Judgment on the Pleadings. In addition to this motion there is pending a Motion for Class Certification. However, in light of the Court's ruling on the present motion, as set forth herein, it is unnecessary to reach a determination regarding the class aspects of the claim.

In 1974, plaintiff, Hollis Wayne Bryant, received ambulance service from the Hardeman County Ambulance Service. As a result of his failure to pay for the services, plaintiff was prosecuted and convicted in General Sessions Court in May 1978, and was ordered to serve one day in jail in lieu of imposition of a fine and costs. Subsequent to that conviction, plaintiff received additional ambulance services for which, it is contended, he is subject to future criminal prosecutions pursuant to T.C.A. § 53–5110(f)(1) (1977). These facts are not contested by the defendant.

*Constitutionality of T.C.A. §*
*53–5110(f)(1) (1977)*

T.C.A. § 53–5110(f)(1) (1977) provides:

(f) It shall be a misdemeanor for any person to:

(1) Obtain or receive ambulance services without intending at the time of obtaining or receiving such services to pay, if financially able, the necessary charges. A determination that the recipient of such services has failed to pay for the services rendered for a period of sixty (60) days after request for payment, and that the recipient is financially able to do so, shall raise a presumption that the recipient of the services did not intend to pay for the services at the time they were obtained or received or . . . . .

Upon careful consideration of the pleadings, the motion and memoranda in support thereof, the response, and a close examination of the challenged statutes, the Court finds the statutory presumption created by

the second sentence of subparagraph (f)(1) to be unconstitutional.

Defendant has not alleged or argued the constitutionality of T.C.A. § 53–5110(f)(1) (1977), but rather in the Answer of October 31, 1978, characterized the constitutionality of the statutory presumption within the section as "highly questionable" and without supporting empirical data.

In applying the "more likely than not" test of *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), it is clear that the challenged statute creates an inference that one who fails to pay for ambulance services within sixty days of billing, though financially able, intended not to pay for the services at the time they were received. This presumption is invalid as it presents no rational connection between the fact to be proved, nonpayment for ambulance services, and the ultimate fact presumed, *intent* not to pay for the services when they were received.

There are a number of reasons why a recipient of services might fail or refuse to pay for services which bear no connection to intent to pay at the time the services were received. A recipient of services may be acting in reliance upon insurance coverage or a third party's representations of intended payment. Further, as noted by plaintiff, even a recipient's arbitrary refusal to pay for services may be totally unconnected with actual intent to pay or not to pay when the services were received. Thus, the inference created by T.C.A. § 53–5110(f)(1) (1977) is " 'irrational' or 'arbitrary,' and hence unconstitutional . . . ." *Id.* at 36, 89 S.Ct. at 1548.

■ Defendant has raised the doctrine of elision in its Answer, which provides the Court with a means to strike that part of T.C.A. § 53–5110(f)(1) (1977) which contains the unconstitutional presumption and yet preserve the validity of the remainder of the subsection. In *Baxter v. Ellington*, 318 F.Supp. 1079 (E.D.Tenn.1970), Judge Taylor noted the intention of the state legislature that all statutes in Tennessee are to be severable by virtue of T.C.A. § 1–310 (1977). In addition, *Moore v. Fowinkle*, 512 F.2d

629 (6th 1975) recognized the establishment of the elision doctrine in Tennessee and its consistent enforcement within the state. The Sixth Circuit summarized the application of the doctrine as follows:

When a statute contains one or more unconstitutional provisions, the obnoxious provisions will be eliminated and the statute sustained as to the rest, unless the invalid provisions are deemed so essential, and are so interwoven with others, that it cannot be reasonably presumed that the legislature intended the statute to operate otherwise than as a whole.

*Id.* at 632.

The Court finds that the doctrine of elision should be applied to this statute to strike the second sentence of the statute, which creates the constitutionally invalid presumption. The remaining portion of T.C.A. § 53–5110(f)(1) (1977) has not been challenged by plaintiff, nor is there any contention that failure to strike the section will adversely affect the relief requested.

### Declaratory Judgment Provides Adequate Relief

■ Having declared the second sentence of T.C.A. § 53–5110(f)(1) (1977) to be unconstitutional, and having elided that sentence from the statute, the Court does not find it necessary to enjoin enforcement of the statute. *See Doran v. Salem Inn*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). In *Poe v. Gerstein*, 417 U.S. 281, 94 S.Ct. 2247, 41 L.Ed.2d 70 (1974) the Supreme Court reaffirmed its prior holding that, absent proof or allegation that defendants would not acquiesce in the district court's decision holding a challenged statute unconstitutional, declaratory relief was sufficient to protect the plaintiff's interest. *See Douglas v. City of Jeannette*, 319 U.S. 157, 165, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

Plaintiff has not presented to the Court any evidence or allegation of defendants' potential non-compliance with this Court's ruling. It is presumed that defendants intend to and will abide by this declaratory judgment in all future actions involving

enforcement of the statute. Therefore, the Court denies plaintiff's request for injunctive relief. However, it should be noted that today's action is not intended to affect plaintiff's right to seek additional relief at a later time should it become apparent that the declaratory judgment is not being complied with by the defendants.

IT IS THEREFORE ORDERED that plaintiff be granted a Judgment on the pleadings and that a Declaratory Judgment be entered eliding the second sentence of T.C.A. § 53–5110(f)(1) (1977). Pursuant to 42 U.S.C. § 1988, counsel for plaintiff is directed to submit an application for costs and attorneys fees detailing the services and their amount rendered in this cause and stating the parties against whom the costs and fees are to be assessed.